UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PRISCILLA FLAWN-CHOPP, | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | Case No. A-19-CV-00210-RP |
| | § | |
| HEINRICHS SILVER HILL | § | |
| ENTERPRISES, LTD., HEINRICHS | § | |
| SILVER HILL, LLC, SANDRA | § | |
| HEINRICHS, HADLEY HEINRICHS, | § | |
|    *Defendants* | | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
   **UNITED STATES DISTRICT JUDGE**

Before this Court are Defendants Heinrichs Silver Hill Enterprises, Ltd., Heinrichs Silver Hill, LLC, Sandra Heinrichs, and Hadley Heinrichs' (collectively, "Defendants") Motion to Dismiss FLSA Cause of Action (the "Motion"), filed May 6, 2019 (Dkt. No. 6); Plaintiff Priscilla Flawn-Chopp's Response (Dkt. No. 7); and Defendants' Reply (Dkt. No. 8). On August 7, 2019, the District Court referred the Motion and all related filings to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. Background

Silver Hill[1] owns and operates a dressage horse sale and breeding facility in Austin, Texas. Complaint at ¶ 8, Dkt. No. 1. Sandra Heinrichs and her son, Hadley Heinrichs, own and operate the stable. *See id.* at ¶¶ 5, 10. Plaintiff Priscilla Flawn-Chopp ("Ms. Chopp") began working for Silver Hill as a part-time employee on May 1, 2017. *Id.* at ¶ 9. From August 1, 2017 until August 30, 2018, Ms. Chopp worked for the stable full-time. *Id.* at ¶¶ 10, 14.

Ms. Chopp alleges that she consistently worked an 84-hour workweek but was never paid overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 215(a)(2). She seeks to recover unpaid wages of at least $88,009.68. Ms. Chopp also asserts breach of contract and quantum meruit claims based on Defendants' alleged failure to reimburse her for mileage, for which she claims to be owed more than $32,000.[2] *See* Complaint at ¶¶ 23-30.

In their Motion, Defendants seek to dismiss only the FLSA claim. They contend that Ms. Chopp has failed to plead facts sufficient to create an inference that either Silver Hill or Ms. Chopp herself engaged in interstate commerce, and therefore the FLSA does not apply. *See* Motion at 1, Dkt. No. 6.

## II. Legal Standards

### A. Motion To Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts

---

[1] Plaintiff alleges that Heinrichs Silver Hill Enterprises, Ltd. is a limited partnership for which Henrichs Silver Hill LLC operates as a general partner. Complaint at ¶ 8 n.1, Dkt. No. 1. Plaintiff refers to both entities collectively as "Silver Hill," and the undersigned does the same.

[2] The amount of mileage owed is given as both $32,631.93 and $32,691.33. Complaint at ¶¶ 26, 28, Dkt. No. 1.

as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

When considering a motion to dismiss for failure to state a claim, courts do not look beyond the face of the pleadings or refer to extrinsic evidence. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Rather, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Fair Labor Standards Act**

The FLSA requires overtime pay when "a workweek [is] longer than forty hours." 29 U.S.C. § 207(a)(1). If an employer violates the overtime compensation requirement, it is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id.* § 216(b).

3

A plaintiff must prove four elements to make her prima facie case: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (quoting *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citations omitted)). Each element must be proven by a preponderance of the evidence. *Id.* If "the employee establishes a prima facie case, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (internal quotations and citation omitted).

It is the plaintiff's burden to prove that the FLSA applies to her. *Sobrinio v. Med. Ctr. Visitor's Lodge Inc.*, 474 F.3d 828, 829 (5th Cir. 2007). In their Motion, Defendants challenge whether Ms. Chopp has stated a claim that she engaged in activities within the coverage of the FLSA – the second prong of her prima facie case – by pleading facts sufficient to create an inference that either Silver Hill or Ms. Chopp herself engaged in interstate commerce.

In order to succeed on a claim for overtime pay under the FLSA, a plaintiff must show either individual or enterprise coverage; that is, that either she was (1) engaged in interstate commerce; (2) engaged in the production of goods for interstate commerce; or (3) employed by an enterprise engaged in interstate commerce or the production of goods for commerce. *Barney v. Hill Ctry. Shooting Sports Ctr., Inc.*, 2012 WL 13029376, at *2 (W.D. Tex. 2012) (citing 29 U.S.C. § 207(a)(1)); *see also Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (stating that either individual or enterprise coverage is sufficient to invoke FLSA protection).

Here, Ms. Chopp relies on individual rather than enterprise coverage. To determine whether activities bring an employee into being personally engaged in interstate commerce, courts apply a practical test: "'whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Sobrinio*, 474 F.3d at 829 (quoting *Mitchell v. H.B. Zachry Co.,* 362 U.S. 310, 324 (1960)). There is no *de minimis* requirement. "Work that is purely local in nature does not meet the FLSA's requirements, but 'any regular contact with commerce, no matter how small, will result in coverage.'" *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (quoting *Sobrinio*, 474 F.3d at 829).

An employee is considered to be engaged in the production of goods for commerce if "'such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State.'" *Alvarez v. Amb-Trans Inc.*, 2012 WL 4103876, at *2 (W.D. Tex. Sept. 17, 2012) (quoting 29 U.S.C. § 203(j)). "Employees are engaged 'in the production of goods for commerce' if they are involved with any 'incidental operation preparatory to putting goods into the stream of commerce.'" *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 935 (N.D. Tex. 2014) (quoting *W. Union Tel. Co. v. Lenroot,* 323 U.S. 490, 503 (1945)).

### III.   Analysis

Ms. Chopp's FLSA claim addresses interstate commerce as follows:

> Defendants are subject to FLSA coverage because they held out their horses to be sold on a national, and even, international market. One of Chopp's primary job duties was to prepare the horses for sale, and seek out potential buyers from across the country. Silver Hill routinely sells horses out of state. Prior to her termination, Chopp even facilitated and arranged for a teenage girl from Chicago to visit Silver Hill and try out a specific horse on three separate occasions between August 2017 and July 2018; made arrangements for a young man from Florida to try out a specific horse at Silver

5

> Hill; and completed all arrangements to attend a horse show in Kentucky. Further, Chopp actively sought sponsorship opportunities from out-of-state companies, and arranged travel for out-of-state horse shows. In the context of her employment, Chopp was clearly engaged in the production of goods for commerce, as contemplated by the FLSA.

Complaint at ¶ 18, Dkt. No. 1.

Accepting all well-pleaded facts as true, as we must at this stage of the proceeding, we find that Ms. Chopp has pled sufficient facts to at least raise a reasonable inference that she qualifies for individual coverage under the FLSA. Specifically, Ms. Chopp's allegations that she was "engaged in the production of goods for commerce" by preparing certain of Silver Hill's horses for sale and seeking out buyers from across the country constitutes regular contact with commerce.

Defendant argues that Ms. Chopp "never successfully sold or brokered a sale of *any* horse for the Defendant at all – not in state or out of state." Motion at 8, Dkt. No. 6. Even if Ms. Chopp did not complete the sale of a horse during her 16-month employment, that is not inconsistent with her allegation that her primary job "was to prepare the horses for sale, and seek out potential buyers from across the country" – that is, to produce goods for commerce. Therefore, she has stated a claim on which relief can be granted.

## IV. Recommendation

The undersigned **RECOMMENDS** that the District Court DENY Defendants' Motion to Dismiss (Dkt. No. 6). **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

6

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 27, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE